JUSTICE McKINNON,
dissenting.
¶45 I agree with the Court that there was a violation of Rule 1.20(b) and that the Keuffers were prejudiced as a result of counsel’s use of Luke’s prospective client consultation with Mossberg5s local counsel, Tarlow & Stonecipher. I similarly agree that there was no violation of Rule 1.20(c) because no showing was made that “significantly harmful information” was conveyed by the Keuffers in the consultation with Weamer. I also agree with the Court that, pursuant to Schuff, ¶ 36, violations of professional conduct rules serve as weight which may tip the scales in favor of disqualification, even though the particular rule violated does not mandate disqualification. I part company with the Court, however, in its conclusion that the remedy of disqualification imposed by the District Court was appropriate.
¶46 In my opinion, the District Court abused its discretion in imposing the severe remedy of disqualification, particularly given that the relationship between a prospective client and a lawyer do not impose duties as stringent as between an actual and/or former client and his lawyer. Imposition of such a severe remedy as disqualification should be sparingly imposed, in light of its significant effect in disrupting litigation. Krutzfeldt, ¶ 33. Under the circumstances here, disqualification of Mossberg’s counsel was an abuse of discretion when the District Court could have simply precluded the offensive line of questioning by both Renzuilli and Tarlow & Stonecipher and thereby maintained the integrity of the proceeding. The public’s trust in the legal system in not undermined when a trial court perceives an abuse by counsel and corrects it by a fair, proportionate, and measured remedy.
¶47 As a final consideration, I think it is evident, that the District Court found the facts of this case “unique” but, nonetheless, that a Rule 1.20(b) violation had been substantiated. With respect to Rule 1.20(b), the District Court held:
The Court finds that defense counsel improperly used Plaintiffs consultation with Tarlow & Stonecipher against them during *457 Stephanie’s deposition. This situation is unique in that Rule 1.20(b), Mont. R. Prof. C., states that the attorney “shall not use or reveal information learned in the consultation ...” and in this case the attorney did not use or reveal information learned, but rather used the fact that the consultation even occurred. The Court finds no reason why the rule should not be equally applicable when an attorney uses the fact that they consulted with a party and declined to represent that party to intimidate that party or to create an adverse inference about that party’s case. This is precisely what occurred in this case.
While I would not, under the circumstances of this case, find that a violation of Rule 1.20(b) warranted disqualification, I believe the District Court correctly found that Rule 1.20(b) had been violated. As we have held, the violation of a professional conduct rule — even Rule 1.20(b) — could tip the scales in favor of disqualification. Schuff, ¶ 36. Nonetheless, while a trial court is in the best position to control and monitor the conduct of trial counsel, under the circumstances presented here, disqualification of Mossberg’s counsel was not a measured or fair remedy.
¶48 To the extent we conclude otherwise, I dissent.